**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Davis, | No. CV08-0679 PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Allen Miser, | |
| Defendants. | |

Pro se Plaintiff Michael Davis has moved to set aside the Court's judgment entered more than 10 years ago. Doc. 36. The motion is fully briefed. Docs. 38, 42. Plaintiff has filed two additional motions seeking related relief. Docs. 40, 46. Defendant Allen Miser has filed response briefs (Docs. 43, 47), and Plaintiff filed one reply (Doc. 45). Plaintiff requests a hearing, but oral argument will not aid in the Court's decision. Fed. R. Civ. P. 78(b); LRCiv 7.2(f). The Court will deny Plaintiff's motions.

On April 7, 2008, Plaintiff – an ADOC inmate and Seventh Day Adventist – filed a civil rights complaint against Defendant Miser – a chaplain for the Arizona Department of Corrections ("ADOC") – alleging that he was denied a vegetarian religious diet. Doc. 1 at 4. The parties entered into a settlement agreement ("the Settlement") whereby the ADOC agreed to provide Plaintiff a lacto-vegetarian diet, but reserved its "right to revise its dietary plans." Doc. 38-1 at 7. The parties stipulated to dismissal with prejudice of Plaintiff's suit. Doc. 27. In a January 2009 order, the Court stated: "This matter having

come before the Court on the stipulation of the parties; IT IS ORDERED dismissing this action with prejudice." Doc. 28.

Plaintiff moves to set aside or reopen the Court's judgment pursuant to Rule 60(b)(6) because his lacto-vegetarian diet has been changed to a vegan diet. Doc. 36 at 1. He claims that the switch is a breach of the Settlement. *Id.*

Under Rule 60(b)(6), the Court may relieve a party of final judgement for any "reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Only 'extraordinary circumstances' justify relief under Rule 60(b)(6)." *Hermetic Order of Golden Dawn, Inc. v. Griffin*, 400 F. App'x 166, 167 (9th Cir. 2010) (brackets omitted); *see also United States v. Sparks*, 685 F. 2d 1128, 1129 (9th Cir. 1982). Repudiation of a settlement agreement constitutes an extraordinary circumstance and justifies vacating the court's prior dismissal order." *Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991). To obtain relief, however, the repudiation must amount to "complete frustration" of the agreement. *Id.* at 410-11.

Plaintiff alleges that the ADOC did away with his lacto-vegetarian diet and instead provided him with a vegan "Muslim" diet, which is not the diet the ADOC agreed to provide. Doc. 36 at 2. According to Plaintiff, this change does not constitute a revision of dietary plans, consistent with the Settlement. *Id.* The ADOC responds that the vegan diet is the religious diet designed for those inmates who avoid meat or animal products for religious reasons. Doc. 38 at 4. The ADOC also asserts that it changed the diet in accordance with the Settlement provision that reserved its right to change dietary plans. *Id.* The disagreement between Plaintiff and the ADOC over interpretation of the Settlement, particularly the meaning of ADOT's right to change dietary plans, does not amount to a complete repudiation of the Settlement that warrants relief under Rule 60(b)(6). *See Hermitic Order of Golden Dawn*, 400 F. App'x at 167; *Naylon v. Wittrig*, No. 3:08-cv-00625-LRH-WGC, 2017 WL 1745033, at *1 (D. Nev. May 3, 2017); *Joe Hand Promotions, Inc. v. Rangee*, No. 2:13-cv-00939-MCE-CKD, 2013 WL 6859001, at *3 (E.D. Cal. Dec. 24, 2013).

Further, no law "provides for jurisdiction of the court over disputes arising out of an agreement that produces a [stipulated dismissal]." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). "[A] federal court has jurisdiction to enforce a settlement agreement in a dismissed case when the dismissal order incorporates the settlement terms, or the court has retained jurisdiction over the settlement contract[,]" and a party alleges a violation of the settlement. *Id.* Under those circumstances, a breach of the agreement is a violation of the court's order and the court has jurisdiction to enforce the agreement. *Kokkonen*, 511 U.S. at 381. In this case, however, the Court did not incorporate the terms of the Settlement in its dismissal order. *See* Doc. 28. Nor did the Court retain jurisdiction over the settlement agreement. *Id.*; Doc. 38-1 at 6-10.

Plaintiff's other motions will be denied as well. Plaintiff's motion for an order to make legal calls, and his motion for an order to allow Plaintiff the proper paperwork to exhaust administrative remedies, cannot be made without a pending action in this court and would be, in any event, beyond the scope of the issues raised in Plaintiff's previous lawsuit.

**IT IS ORDERED:**

1. Plaintiff's motion to set aside the Court's judgment (Doc. 36) is **denied**.
2. Plaintiff's other motions (Docs. 40, 46) are **denied**.
3. This case is closed. Plaintiff shall not file further motions.

Dated this 14th day of August, 2019.

*David G. Campbell*

David G. Campbell
Senior United States District Judge